IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBORAH L. CASTO and
RAYMOND N. MCCOY,

      Plaintiffs,

v.              CIVIL ACTION NO. 2:05-cv-00757

AMERICAN UNION BOILER COMPANY
OF WEST VIRGINIA, formerly known as
Williams Service Group, Inc., of West Virginia,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendant American Union Boiler Company of West Virginia's motion to dismiss plaintiff Raymond McCoy [Docket 2] and its motion to stay all discovery relating to Mr. McCoy's claims [Docket 24]. For the reasons stated herein, the court **GRANTS** American Union Boiler's motion to dismiss, **DISMISSES** Mr. McCoy, and **DENIES** the motion to stay as moot.

**I. Background**

The plaintiffs, Deborah Casto and Raymond McCoy, allege that the defendant, American Union Boiler Company of West Virginia ("American Union Boiler"), terminated the plaintiffs' employment because of their age in violation of the West Virginia Human Rights Act. *See* W. Va. Code § 5-11-1 (2002). American Union Boiler contends in its motion to dismiss that Mr. McCoy's West Virginia Human Rights Act claim is barred by the doctrine of judicial estoppel because of his

1

failure to list or identify any claims against American Union Boiler during a previous bankruptcy proceeding. American Union Boiler's argument is premised on the following undisputed allegations.

American Union Boiler, or its predecessors, employed Mr. McCoy from approximately 1973 until May 14, 2004. On June 1, 2004, Mr. McCoy filed a complaint with the West Virginia Human Rights Commission alleging that American Union Boiler discriminated against him by terminating his employment because of his age. Seven days later, Mr. McCoy and his wife filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of West Virginia. Mr. McCoy did not list any existing or potential claims against American Union Boiler on the schedule of assets he filed with the court, and he failed to amend his schedule of assets to include any such claims. On September 20, 2004, the bankruptcy court discharged over $100,000 of Mr. McCoy's debts. The bankruptcy court closed the case approximately one month later.

On March 28, 2005, the Human Rights Commission dismissed Mr. McCoy's complaint. On August 18, 2005, the plaintiffs filed an age discrimination claim against American Union Boiler in the Circuit Court of Putnam County, West Virginia. American Union Boiler subsequently removed the action to this court.

## II. Standard of Review

To decide a motion to dismiss, the allegations of the complaint are taken as true and dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). Dismissal is proper only when no set of facts can be proven to support the complaint's allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To make this determination, the court will view the complaint in the light most favorable to the plaintiff.

*Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

### III. Discussion

Courts in the United States have long applied the doctrine of judicial estoppel to "prevent[ ] a party who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding." *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). As observed by the Seventh Circuit, "[c]ourts are under no compulsion to heed the shifting theories of 'chameleonic litigants.'" *DeGuiseppe v. Bellewood*, 68 F.3d 187, 192–93 (7th Cir. 1995). The doctrine of judicial estoppel thus allows courts to require litigants to provide truthful and consistent information from proceeding to proceeding.

Courts apply the doctrine of judicial estoppel when the following requirements are met: (1) the party to be estopped advances an assertion that is inconsistent with a position taken during previous litigation; (2) the position is one of fact, rather than law or legal theory; (3) the court in the first proceeding accepted the prior position; and (4) the party to be estopped acted intentionally and not inadvertently. *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 292 (4th Cir. 1998). As explained below, the facts in this case meet each of these requirements.

Courts have applied the doctrine of judicial estoppel in numerous cases where litigants intentionally failed to disclose claims or potential claims in bankruptcy proceedings. *See, e.g., Payless Wholesale Distrib. Inc. v. Alberto Culver, Inc.*, 989 F.2d 570 (1st Cir. 1993); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208, 209 (5th Cir. 1999); *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861 (N.D. Ala. 1999).

3

> 1. *Mr. McCoy asserted a position in this proceeding that is inconsistent with a position he asserted in his bankruptcy proceeding.*

Mr. McCoy contends American Union Boiler has failed to identify any sworn position of Mr. McCoy's in this action that is inconsistent with a position taken by Mr. McCoy in a previous action in which *American Union Boiler was a party*. Mr. McCoy's argument misses the mark. As both parties have observed, the purpose of judicial estoppel is "to protect the integrity of the judicial system" and not to protect the interests of individual litigants. *Id.* at 210. Accordingly, American Union Boiler's involvement, or lack of involvement, in Mr. McCoy's bankruptcy proceeding is irrelevant to the court's determination of whether Mr. McCoy's previous position is inconsistent with his current position. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3d Cir. 1996) (observing that "[t]here are many instances in which the assertion of inconsistent positions can work to the advantage of a party but where there is no identity or relationship between those against whom the claim is asserted"). The court's analysis is therefore limited to whether Mr. McCoy relies upon a position in this proceeding that is inconsistent with a position taken during his bankruptcy proceeding–regardless of whether American Union Boiler was involved in the bankruptcy proceeding.

The United States Code imposes a duty on bankruptcy debtors to disclose all assets, including contingent and unliquidated claims. 11 U.S.C. § 521(1) (2000); *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999). Pursuant to this duty to disclose, debtors "must disclose all potential causes of action including litigation that is likely to arise in a non-bankruptcy setting." *In re Baldwin*, 307 B.R. 251, 265 (M.D. Ala. 2004). As observed by American Union Boiler, this duty to disclose continues through the pendency of the bankruptcy proceeding and requires a debtor to amend his financial statements if his or her situation changes. *In re Coastal Plains, Inc.*, 179 F.3d

at 208. If a debtor fails to amend properly his or her financial statements to include a known claim or potential claim, courts may

In Mr. McCoy's bankruptcy proceeding, he failed to disclose any potential claims against American Union Boiler or his claim filed with the Human Rights Commission. By omitting his existing claim and potential claims from his disclosures, he averred to the bankruptcy court that no such claims existed. Consequently, his position before this court that he has a valid age discrimination claim based on conduct that occurred prior to his filing for bankruptcy is wholly inconsistent with the position he adopted during his bankruptcy proceeding. The court accordingly **FINDS** that Mr. McCoy's position in this civil action is inconsistent with the position he asserted during his bankruptcy proceeding.

*2. Mr. McCoy's position in his bankruptcy proceeding was a position of fact.*

Mr. McCoy failed to address in his brief whether his omissions during his bankruptcy proceeding were positions of fact or law. The court **FINDS**, however, that Mr. McCoy's position taken in the bankruptcy proceeding regarding his age discrimination claim was a factual position and not a legal position. *See USinternetworking*, 310 B.R. 274 (D. Md. 2004) (finding that the omission of a claim during a bankruptcy proceeding is a factual matter).

*3. The bankruptcy court adopted Mr. McCoy's position that he did not have any existing or potential claims.*

Mr. McCoy was required to make full and honest disclosures during his bankruptcy proceeding. He failed to do so by omitting his Human Rights Commission claim and his potential civil action against American Union Boiler. The bankruptcy court relied upon Mr. McCoy's representations and discharged over $100,000 of Mr. McCoy's debts. The court accordingly **FINDS** that the bankruptcy court relied upon Mr. McCoy's representations.

### 4. *Mr. McCoy intentionally omitted his claims.*

Mr. McCoy asserts that his inadvertent failure to list his Human Rights Commission claim in his bankruptcy proceeding does not bar his filing of this claim. For the reasons that follow, however, the court **FINDS** that Mr. McCoy intentionally, not inadvertently, omitted his claims.

Courts generally consider the nondisclosure of a claim to be intentional when a litigant has both knowledge of a claim and a motive to conceal a claim. *See In re USInternetworking, Inc.*, 310 B.R. at 285 (finding that a plaintiff who knew of a claim during a bankruptcy proceeding and failed to disclose the claim acted intentionally and not inadvertently). Mr. McCoy knew during his bankruptcy proceeding of his pending claim with the Human Rights Commission, which he filed only seven days before he filed for bankruptcy. Yet, he failed to notify the bankruptcy court of this claim. Also of critical importance, Mr. McCoy's civil action before this court is predicated on the same facts as his claim filed with the Human Rights Commission. He readily admitted in his brief that he "is not advancing a factual position that is inconsistent with any position he took in his Human Rights Commission filing." Accordingly, although Mr. McCoy might not have known for certain whether he would file a civil action against American Union Boiler, he undoubtedly was aware of the factual predicates for his civil action and the existence of a potential claim against American Union Boiler for age discrimination.[1]

Mr. McCoy also had a motive to conceal his potential claim against American Union Boiler.

---

[1] Mr. McCoy also argues that if American Union Boiler "believes facts were intentionally omitted or concealed in Mr. McCoy's bankruptcy petition, then perhaps defendant should seek a reopening of Mr. McCoy's bankruptcy estate." In making this argument, Mr. McCoy misconstrues the role that judicial estoppel plays in the federal judicial system. Courts generally apply the doctrine of judicial estoppel prospectively to bar causes of action that rely on a position contrary to a previous position, not to reopen and relitigate a previous legal proceeding in which an inconsistent position was first taken.

Bankruptcy courts depend on the candor of debtors. By concealing his claim filed with the Human Rights Commission and his potential civil action against American Union Boiler, the bankruptcy court could not have had a complete understanding of Mr. McCoy's assets and liabilities. This deception resulted in the bankruptcy court discharging over $100,000 of Mr. McCoy's debts without him sacrificing the potential economic benefit of a civil action against American Union Boiler. Thus, if this court does not invoke the doctrine of judicial estoppel, Mr. McCoy potentially could recover a significant sum of money that otherwise would have been distributed among his creditors. The court accordingly **FINDS** that this potential economic recovery served as a motive to conceal his potential claims against American Union Boiler.

### III.    Conclusion

Judicial estoppel is invoked with the discretion of the court, and each application must be decided based on the specific facts and circumstances of the case. *Thomas Mem'l. Hosp.*, 159 F.3d at 196. Considering the facts of this case, the court **FINDS** that judicial estoppel is an appropriate remedy. Mr. McCoy's concealment of his existing and potential claims significantly disrupted the bankruptcy process. Furthermore, to allow him to proceed with his claim in this court could allow him to recover a "windfall gain," the right to which should have been equitably distributed among his former creditors. The court accordingly **GRANTS** American Union Boiler's motion to dismiss, invokes the doctrine of judicial estoppel and **DISMISSES** Mr. McCoy from this action, and **DENIES** American Union Boiler's motion to stay the proceedings as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 14, 2006

*[signature: Joseph R. Goodwin]*

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE