**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**DEBORAH L. CASTO and**
**RAYMOND N. McCOY,**

**Plaintiffs,**

**v. Civil Action No. 2:05-cv-00757**

**AMERICAN UNION BOILER COMPANY**
**OF WEST VIRGINIA, LLC, formerly**
**known as WILLIAMS SERVICE GROUP,**
**INC. OF WEST VIRGINIA,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

The parties are embroiled in hot dispute over one another’s Rule 26(a) initial disclosures. Plaintiffs Deborah L. Casto and Raymond N. McCoy (hereafter, “Casto” and “McCoy”) filed a Motion to Compel, outlining deficiencies in Defendant’s disclosures and requesting an award of costs and fees.[1] (Docket # 22-1, 22-2.) Defendant filed a Response and supporting memorandum which defends its disclosures, points to numerous inadequacies in Plaintiff’s filings, and makes its own request for costs and fees. (Docket # 23-1, 23-2.) Plaintiff tendered a Reply on March 10, 2006.

[1] On March 14, 2006, the Honorable Joseph R. Goodwin granted Defendant’s Motion to Dismiss McCoy’s claims, (docket # 30), thereby mooting all arguments as to McCoy’s disclosures. Accordingly, this Order addresses only issues relative to plaintiff Casto, and hereafter refers to her as the singular plaintiff.

(Docket # 28.) That same day, Defendant filed a Motion to Strike Plaintiff's Reply. (Docket # 29.)

First, Plaintiff complains that Defendant's disclosure falls short of Rule 26(a)(1)(A)'s requirements because it lists nineteen (19) individuals likely to have discoverable information, but does not match any of the individuals with the nine (9) areas of discoverable information indicated. (Docket # 22, p. 1.) Next, Plaintiff argues that Defendant's document disclosure is incomplete. Finally, Plaintiff complains that Defendant has made no initial disclosures at all with respect to plaintiff Raymond N. McCoy.[2] (Docket # 22, p. 1-2.)

Defendant makes a seven-fold response: (1) Casto's own disclosures were thirteen days late; (2) Casto's disclosure identifies 18 of the same 19 individuals disclosed by Defendant; hence, Casto's motion is frivolous because she presumably knows the substance of these witnesses' testimony already; (3) Casto's own disclosure fails to specify the expected subject matter of her witnesses' testimony, but simply states that the 27 persons identified are believed to have "discoverable information pertaining to plaintiffs' allegations contained in the Complaint;" (4) McCoy has not filed any disclosures at all[3]; (5) the Motion to Compel was not filed in good faith, because upon consultation,

---

[2] See note 1.

[3] See note 1.

defense counsel agreed to supplement Defendant’s responses, yet Plaintiff filed the motion without awaiting those responses; (6) Plaintiff seeks information beyond that which Rule 26 requires in initial disclosures; and (7) Plaintiff’s motion should be denied because it lacks a supporting memorandum of law. (Docket # 23, p. 1-8.)

In Reply, Plaintiff notes that to date, Defendant still has not provided the supplements it promised. The Reply reiterates the Motion’s argument that Defendant is withholding documents, and argues that the information sought is within Rule 26, rather than extraneous discovery. (Docket # 28, p. 1-2.) The Motion to Strike argues that the Reply was not timely filed and should not be considered. (Docket # 29.) The Motion to Strike also raises substantive arguments as to the Reply; however, since the Rules do not provide for any substantive argument beyond a reply, those points will not be considered.

The above demonstrates that none of the parties herein are honoring the purpose of the Federal Rules of Civil Procedure, which is to “secure the just, speedy, and inexpensive determination of every action.” Fed.R.Civ.P. 1 (2005). The discovery rules, of course, were designed to facilitate and streamline discovery, rather than to serve as ammunition for disclosure disputes. Counsel for all parties are instructed to read and heed this court’s opinion in Saria v. Massachusetts Mutual Insurance Company,

228 F.R.D. 536 (S.D.W.Va. 2005). If the parties insist on disregarding the Rules or on maintaining this level of squabbling, discovery will be a time-consuming, unnecessarily expensive, and unpleasant process for everyone.

The notes to Rule 26 (1993 Amendments) state that a major purpose of the 1993 revision was "to accelerate the exchange of basic information and to eliminate the paperwork involved in requesting such information." The Rule "should be applied in a manner to achieve these objectives." Fed.R.Civ.P. 26(a)(2005); 1993 Amendments note. With respect to the requirements of subparagraph A, in particular, the notes advise that "[i]ndicating briefly the general topics on which [listed witnesses] have information should not be burdensome, *and will assist other parties in deciding which depositions will actually be needed.*" Id., emphasis added.

Both Casto's and Defendant's disclosures defeat these purposes. Here, as in many cases, the parties share common witnesses, but this does not create an exception to the Rule. One cannot presume, as Defendant argues, that because a plaintiff and defendant list common witnesses, that either party is "off the hook" from making complete, intelligible disclosures. For example, a plaintiff in an employment case may think his former co-workers have limited information; meanwhile, the defending employer may interview those workers and find knowledge in additional areas,

including key points of affirmative defenses. In that scenario, the witnesses would be the same, but the disclosures would substantively differ, and defendant might list items previously unknown to plaintiff.

While the Rule does not explicitly state that parties must correspond each witness with the subject matter of his/her anticipated testimony, that requirement could certainly be inferred from the notes quoted above. It is clear that, at a minimum, the information disclosed must be conveyed in a meaningful, useful manner. Matching witnesses with anticipated testimony is not at all burdensome, and serves to help both parties narrow depositions to a realistic scope and number, to the benefit of all.

With respect to the timing issues, apparently Defendant was not perturbed by Plaintiff's delinquent disclosures until Plaintiff filed her Motion to Compel. The court accepts that Casto's disclosures were thirteen days late, but Defendant did not pursue them with even so much as a letter or phone call, and even now articulates no prejudice arising from this tardiness. Likewise, while Defendant remarks that McCoy did not file disclosures, this is no excuse for Defendant's own failure to disclose. The Rule states plainly, "A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures...because it challenges the sufficiency of another party's disclosures or because another party has not

made its disclosures." Fed.R.Civ.P. 26(a)(2005). The notes repeat this admonition: "A party is not relieved from its obligation of disclosure merely because another party has not made its disclosures or has made an inadequate disclosure." Fed.R.Civ.P. 26 (2005), 1993 Amendments note. Other notes explicitly warn, "Litigants should not indulge in gamesmanship with respect to the disclosure obligations." Id.

Rule 26 itself contains the solution which would have prevented much of this dispute: a meaningful Rule 26(f) meeting. At this meeting, the specificity of the initial disclosure requirements should be informally refined and clarified, and disclosure requirements adjusted in light of those discussions. Fed.R.Civ.P. 26 (2005), 1993 Amendment notes. At their 26(f) meeting, the parties hereto should have discussed issues such as the specificity needed in their common witness disclosures. The problems which have now arisen could have been prevented by a bit more care and foresight at the meeting.

Defendant filed its disclosures on January 13, 2006. (Docket # 17.) The parties discussed the issues raised in Plaintiff's motion to compel on January 26, 2006. (Docket # 23, p. 2.) In a letter dated January 31, 2006, Defendant's counsel promised to supplement its disclosures, but did not state when this supplement would arrive. Defendant now argues that the Plaintiff has not acted in good faith, but improperly filed her motion without

awaiting the supplement.

Defendant is in error. Plaintiff had no choice but to file the motion, irrespective of any promised supplement, if she wished to preserve her objections. Our Local Rules require a party to file a motion to compel within 30 days after a disclosure is due; otherwise, any objection to the disclosure is waived. LR Civ P. 3.07 (c) (1994). The parties do not have the power to amend the rule or extend this time frame by agreement.

Defendant vigorously asserts that its promise to supplement shows that it has clean hands. However, over a month has elapsed since its promise, a motion to compel has been filed, and Defendant now submits eight (8) pages of argument and a motion to strike, rather than simply serving the supplement it pledged and asking Plaintiff to withdraw the motion. Again, the court suggests that hereafter, the parties channel their energies into finding solutions to problems, rather than magnifying them.

This is not to say that Plaintiff's hands are clean. Casto has likewise failed to comply with the Rule by making unmatched witness disclosures and evasive statements. While she charges Defendant with wrongdoing, ironically, she engaged in the exact same behavior, and continues to let time slip by without realizing her error and filing a supplement.

Next, Casto argues that Defendant withheld documents from its document disclosure. During Casto's deposition, Defendant tendered

an exhibit which was an employment document obtained from CB&I, a separate employer, via a release for employment records. (Docket # 22, p. 1-2.) Casto argues that Defendant should have produced this and any other like documents in its disclosures, and that since the document came from a separate employer five months after her termination from Defendant's employ, it could not have been part of her personnel file with Defendant. (Docket # 22, p. 1-2.) Casto asks the court to compel Defendant to make a "complete disclosure". (Docket # 22, p. 2.)

Plaintiff misreads both Rule 26(a)(1)(B) and Defendant's disclosure. The Rule does not require Defendant to provide a copy of Casto's personnel files, whether they are Defendant's own or were obtained from separate employers. Rather, the Rule allows Defendant the option of designating by <u>category and location</u> those documents in its possession, custody or control which it may use to support its claims or defenses, unless to be used solely for impeachment. Fed.R.Civ.P. 26(a)(1)(B)(2005). Defendant's disclosure plainly lists Plaintiff's personnel files from CB&I, and states that these documents are in the possession of Defendant's counsel. (Docket # 22, Exhibit 1, p. 5.) It is Plaintiff's option to request inspection and copying of any materials listed in Defendant's disclosure.

At this stage, Plaintiff is not entitled to identification of any material beyond that which Defendant may use to support its

defenses. Fed.R.Civ.P. 26(a)(1)(B)(2005). Plaintiff's Motion to Compel seeks more, requesting "all documents and records secured by defendant with Ms. Casto's release." (Docket # 22, p. 2.) While Plaintiff may request that information pursuant to Rule 34, the Rules do not require Defendant to provide the copies. The court notes, however, that at least part of Plaintiff's request might be satisfied by counsel arranging to review Casto's personnel files (including CB&I files) which Defendant has indicated it has in counsel's possession.

Finally, Defendant argues that Plaintiff's motion should be denied because it lacks a supporting memorandum of law. Defendant quotes Local Rule 4.01(a), which states, "...a motion for sanctions unsupported by a memorandum will be denied without prejudice." (Docket # 23, p. 5-6.) Defendant argues that the title of Rule 37(a)(4), "Expenses and Sanctions", suggests that any motion filed thereunder constitutes a request for sanctions.

Despite the title of Rule 37(a)(4), the court finds a distinction between a request for a simple award of fees and expenses per subsection (a)(4) and a request for sanctions under subsection (b). Rule 37 provides that if a motion to compel is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion (and/or his attorney, or both) to pay to the moving party the reasonable expenses incurred in making the motion, including

attorney's fees, unless one of certain exceptions are met. Fed.R.Civ.P. 37(a)(4)(A)(2005). This simple award of fees and expenses is designed to compensate the aggrieved party for his expense in pursuing rightful discovery. The award arises virtually automatically, and is not a sanction in the truest sense of the word.

Sanctions are designed to punish and deter the wrongdoer from engaging in like conduct in the future. Sanctions are enumerated separately in Rule 37(b)(1), and include measures such as orders that certain facts will be taken as true, that the disobedient party may not support or oppose certain matters, that certain evidence is excluded, that portions of pleadings be stricken, and other punitive measures. Unlike the award of fees and expenses arising by rights on a motion to compel, sanctions are triggered by such things as a party's failure to comply with the court's order. Fed.R.Civ.P. 37(b)(2005).

The Local Rules echo this distinction. The Rules do not require a supporting memorandum for a simple request for fees and expenses in connection with a Rule 37 Motion to Compel. The movant on such motions "may include a statement of the grounds and pertinent authorities relied upon and shall file such a statement if requested by the court." LR Civ P. 3.07(c)(1994). Thus, unless ordered by the court, a memorandum is an option, not a requirement. Further, Local Rule 4.01(a) states that "[e]xamples of non-

dispositive motions for which a supporting memorandum is not required unless ordered are motions for enlargement or extensions of time under FR Civ P 6, motions to amend clerical errors in pleadings, and motions to compel." LR Civ P 4.01 (a)(1994).

Defendant is correct that Local Rule 4.01(a) also states that a motion for sanctions unsupported by a memorandum will be denied without prejudice. Id. However, as stated, motions for sanctions differ from motions to compel. Examples of motions for sanctions include motions under Rule 37(b), entitled "Failure to Comply with Order", as well as motions for Rule 11 sanctions. A harmonious reading of the Rules brings the conclusion that motions to compel which include a request for fees and expenses under Rule 37(a)(4) need not be accompanied by a supporting memorandum; only motions for sanctions beyond fees and expenses require such support.

The court has read the Defendant's objections in its Motion to Strike Plaintiffs' Reply. (Docket # 29.) Defendant is correct that the Reply was untimely filed and should not be considered by the court in arriving at its opinion. United States Protection Corp. v. Lowe, 354 F.Supp.2d 651 (S.D.W.Va. 2005)(Goodwin, J.). Even before receiving the Reply, however, the court had made note of many of the same points Plaintiff attempted to raise. Those points which the court bore in mind before the Reply are incorporated herein. All others are rejected as untimely, as are all substantive arguments found in the Motion to Strike, wherein

Defendant improperly attempts to respond to the Reply.

Plaintiffs' Motion to Compel Defendant's Initial Disclosures (docket # 22-1) is **GRANTED IN PART AND DENIED IN PART** as set forth herein. It is **ORDERED** that Defendant and Casto shall both supplement their Rule 26 disclosures as directed within 7 days of receipt of this Order. Plaintiff's request for production of documents secured via Casto's employment release is **DENIED** without prejudice.

Finding that both parties have engaged in disclosure gamesmanship, this court finds neither is entitled to an award of costs or attorney's fees. Both requests for costs and fees motions for sanctions (docket # 22-2 and 23-2) are **DENIED.** The Motion to Strike (docket # 29) is **GRANTED.**

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

ENTER: March 16, 2006

Mary E. Stanley
United States Magistrate Judge